1
2
3
4
5        **UNITED STATES DISTRICT COURT**
6           **DISTRICT OF NEVADA**

7  MIKE YELLEN,                                    2:10-CV-1976 JCM (PAL)

8           Plaintiff,

9  v.

10 BOYD GAMING,

11          Defendant.
12

13                                              **ORDER**

14     Presently before the court are defendants Boyd Gaming, The Orleans Casino, National

15 Amateur Bowlers, Inc., Tony Taeubel, Michael Ramsey, John McCoy, Lee Higgins, National

16 Amateur Bowlers, Inc. San Diego, and Robert McVey's ("defendants") motions to dismiss (docs.

17 #12 and #31) plaintiff Mike Yellen's complaint (doc. #10). Plaintiff has filed oppositions (docs. #15

18 and #29), and defendants have filed replies (docs. #16 and #31).

19     Plaintiff, a member of National Amateur Bowlers, Inc., has filed the instant claim alleging

20 violations of his civil rights under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and 12101.  In his

21 opposition, plaintiff admits to "inadvertently putting [a claim under § 12101] into [the complaint]."

22 (Doc. #15). Thus, this court will not address any claim under § 12101 and hereby dismisses it. The

23 essence of the complaint asserts that plaintiff, after filing multiple protests with the United States

24 Bowling Congress regarding the manner in which tournaments were being ran, was

25 unconstitutionally refused entry to a bowling tournament being held at The Orleans Casino as a result

26 of defendants being "severely angered" by plaintiff's petitions.

27     Putting aside for the moment the various substantive shortcomings, plaintiff's complaint

28

**James C. Mahan**
**U.S. District Judge**

1  must be dismissed due to procedural deficiencies. Federal Rule of Civil Procedure 4(m) requires that
2  the court dismiss a complaint against any defendant not served within 120 days after the complaint
3  is filed, unless the plaintiff is able to demonstrate good cause for their failure to serve the
4  defendant(s) within the 120 day period. Fed. R. Civ. Pro. 4(m).

5  Here, the record shows that the complaint was filed with this court on November 12, 2010,
6  and was not served on the defendants until April 12, 2011–one hundred and fifty (150) days after
7  filing. Plaintiff asserts that his complaint should not be dismissed for failure of service because there
8  was good cause for his failure. However, plaintiff has failed to demonstrate, or even allege, a single
9  showing of good cause. Plaintiff does nothing more than recite case law standing for the proposition
10 that courts may use their discretion to forgive rule 4(m) violations, without asserting specifically why
11 this court should do so in the instant action.

12 Notwithstanding plaintiff's failure to properly serve, his claims for relief would be
13 collectively dismissed under rule 12(b)(6) for failure to state a claim even if this court were to grant
14 an extension. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint
15 fails to state a claim upon which relief can be granted. Dismissal may be based on the lack of a
16 cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.
17 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d
18 696, 699 (9th Cir. 1988).

19 Plaintiff's understanding of the protections afforded to him under 42 U.S.C. §§ 1983, 1985,
20 1986 and 1988 is simply incorrect. As a result, the complaint lacks cognizable legal theories upon
21 which relief can be granted. In order to recover under any of these statutory constructions, an
22 individual right secured by the Constitution must have been violated by a person acting under the
23 color of state law. *Neff v. Bryant*, ___ F.Supp.2d___, 2011 WL 1087800 (D. Nev. 2001).

24 Plaintiff asserts that the defendants, acting within the power granted to them by NRS
25 463.0129(3)(a), have ejected plaintiff from their premises. Therefore, plaintiff contends that the
26 action of denying him entry, permitted under a Nevada statute, has been effectuated under the color
27 of the law. Plaintiff has misunderstood the meaning of the phrase "under color of state law" within

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  the relevant federal statutes.  Neither Boyd Gaming, The Orleans Hotel, National Amateur Bowlers
2  nor any of the individual defendants are state actors acting under the color of state law, nor has the
3  plaintiff pled any facts supporting such an allegation.  As such, plaintiff has failed to state a claim,
4  and defendants' motions to dismiss are hereby granted.
5      Accordingly,
6      IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants' motions to
7  dismiss (docs. #12 and #17) be, and the same hereby are, GRANTED.
8      DATED June 14, 2011.

                      */s/ James C. Mahan*
                       **UNITED STATES DISTRICT JUDGE**